IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MILTON ROSS,<br><br>　　　　　　Plaintiff<br><br>　　VS.<br><br>NICHOLAS HURSE and<br>ARTHUR WOODSON<br><br>　　　　　　Defendants | NO. 5:07-CV-123(CAR)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# RECOMMENDATION

Before the court is a MOTION FOR SUMMARY JUDGMENT filed on behalf of defendants NICHOLAS HURSE and ARTHUR WOODSON. Tab #57. This motion is supported by a brief, a statement of undisputed material facts, several affidavits, and numerous other exhibits. Plaintiff MILTON ROSS has been directed to and has filed a response to the defendants' motion. Tab #70.

**LEGAL STANDARDS**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## FACTUAL BACKGROUND

### A.  Claim One

The facts of this case viewed in a light most favorable to the plaintiff are as follows:  Plaintiff ROSS, a wheelchair-bound convicted felon, is currently, and at all times relevant to the instant action has been, in the custody of the Georgia Department of Corrections.  Plaintiff's first claim arises from events which took place during and shortly after a February, 2007 pill call at Men's State Prison.  During the pill call, defendant HURSE, the prison official in charge of this function, decided to distribute medicine to all the inmates using walkers prior to giving medicine to those inmates in wheelchairs.  Because inmates usually received their medication based on their position in line, and because HURSE's decision would cause ROSS to have to wait longer to receive his medications, ROSS became concerned that he was being discriminated against and shared his concerns verbally with another inmate.  Consequently, defendant HURSE sent ROSS to the end of the line where, after a few minutes, he was given his medication.  Plaintiff alleges that for a short time thereafter, defendant HURSE verbally harassed him by calling him names and giving him a hard time.

Afterwards, plaintiff observed defendant HURSE speaking with inmate Carey Foust.  Plaintiff admits that he did not hear the conversation between HURSE and Foust.  Following the conversation with HURSE, inmate Foust allegedly came to plaintiff ROSS and explained that defendant HURSE had offered to pay him or someone else to do something to him.  Despite this alleged threat, neither Foust nor any other inmate assaulted or otherwise harmed inmate ROSS.

### B.  Claim Two

As a result of the above events, plaintiff ROSS claims that he filed a grievance against defendant HURSE.  After filing the grievance, plaintiff ROSS avers that defendant WOODSON "shook him down" by improperly searching his belongings.  Plaintiff further claims that during this "shakedown," WOODSON planted contraband in his locker and later issued a false disciplinary report against him.  Plaintiff concluded that the search was retaliatory and subsequently filed the instant action.

## DISCUSSION

In his COMPLAINT, plaintiff ROSS alleges that defendant HURSE violated his constitutional rights by attempting to hire another inmate to harm him and that both HURSE and WOODSON violated his rights by retaliating against him for filing a grievance as well as maintaining another lawsuit against officials at the prison. In their MOTION FOR SUMMARY JUDGMENT, the defendants flatly deny these allegations. Moreover, the defendants argue that plaintiff ROSS has, *inter alia*, failed to state a claim. The undersigned agrees.

With regard to the first claim, defendants note that even if every allegation contained in the plaintiff's COMPLAINT with regard to his first claim is true, the claim still fails. This is because no physical injury has been alleged or suffered by plaintiff ROSS as a result thereof. Moreover, and with regard to the credibility of the plaintiff's allegations, the defendants note that the plaintiff admits that he did not hear the conversation between Foust and HURSE. Defendants also note that Carey Foust, the alleged messenger, denies under oath that he was propositioned by defendant HURSE and denies that he ever told the plaintiff that he had been. Finally, the defendants cite to a letter written by plaintiff ROSS and sent to Foust wherein the plaintiff plainly states that the purpose of the instant suit is to get paid and that if Foust would cooperate he would be compensated. In light of the above, it clear that there are no genuine issues of material fact to be resolved by a fact-finder and that the defendants are entitled to summary judgment with regard to the plaintiff's first claim.

As to plaintiff's claim that he was retaliated against as a result of his filing a grievance, plaintiff has also failed to adequately state a claim. As noted above, plaintiff's retaliation claim is based upon the defendants allegedly searching his cell improperly, planting contraband therein, and issuing him a false disciplinary report. In their motion seeking summary judgment, defendants refer to an attached affidavit wherein one Margie Spear, secretary to the Warden and custodian of disciplinary records for inmates at Mens State Prison, avers that plaintiff ROSS has been issued only one disciplinary report while at Mens State Prison. This disciplinary report was for smoking in an unauthorized area, not for possession of contraband. As periodically searching an inmate's possessions is a routine function of prison officials, and because plaintiff was not issued a disciplinary report for possession of contraband as he has alleged, it is clear that plaintiff has failed to adequately state a claim of retaliation, entitling the defendants to summary judgment with regard to the plaintiff's second claim.

In light of the foregoing, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED this 19th day of FEBRUARY, 2009.



                                    CLAUDE W. HICKS, JR.
                                    UNITED STATES MAGISTRATE JUDGE